**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

PHILIPS MEDICAL SYSTEMS PUERTO RICO INC.,

Plaintiff,

v.

GIS PARTNERS CORP.; HERNAN TORO; DAVID SUMPTER AND RADAMES BRACERO,

Defendants.

CASE NO. 15-2702 (GAG)

## OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING PRELIMINARY INJUNCTION

Pending before the Court is Phillips Medical Systems Puerto Rico, Inc. ("Phillips") motion for preliminary injunction, Docket No. 2. Phillips contends that it is entitled to a preliminary injunction under the CFAA, 18 U.S.C. § 1030(a)(2), as well as under Puerto Rico's Industrial and Trade Secret Protection Act ("Trade Secret Protection Act"), P.R. LAWS ANN. tit. 10, § 4136. (Docket No. 2.) Defendants contend that Phillips-PR is unable to maintain an action under § 1030, but provided no argument for denying injunctive relief on the basis of the Trade Secret Protection Act. (Docket No. 53.)

Magistrate Judge Bruce J. McGiverin issued a Report and Recommendation on August 15, 2016, finding that the preliminary junction should be granted. (Docket No. 105.) The parties did not object within the deadline set by the Court at Docket No. 106. The Court has reviewed Judge McGiverin's Report and Recommendation at Docket No. 105 and **ADOPTS** the same in its entirety.

## I.   Standard of Review

The Court reviews an un-objected report and recommendation for plain error. See Douglass v. United Servs. Auto, Ass'n, 79 F.3d 1415, 1419 (5th Cir. 1996) (extending the deferential "plain error" standard of review to the un-objected to legal conclusions of a magistrate judge); see also Nettles v. Wainwright, 677 F.2d 404, 410 (5th Cir.1982) (appeal from district court's acceptance of un-objected to findings of magistrate judge reviewed for "plain error"); see also Nogueras–Cartagena v. United States, 172 F.Supp.2d 296, 305 (D.P.R. 2001) (finding that the "Court reviews [unopposed] Magistrate's Report and Recommendation to ascertain whether or not the Magistrate's recommendation was clearly erroneous"); see also Ramirez-Burgos v. United States, 990 F. Supp. 2d 108, 114 (D.P.R. 2013)

Absent objection, ... [a] district court ha[s] a right to assume that [the affected party] agree[s] to the magistrate's recommendation." Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir.1985), cert. denied, 474 U.S. 1021, 106 S.Ct. 571, 88 L.Ed.2d 556 (1985). Additionally, "failure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objections are precluded upon appeal." Davet v. Maccarone, 973 F.2d 22, 30–31 (1st Cir.1992). Ramirez-Burgos, 990 F. Supp. 2d at 114.

## II.   Discussion

Judge McGiverin discussed the factors that must be weighed by the Court when ruling upon a motion for preliminary injunction. As to Phillip's claims under the CFAA, the R&R focuses on the likelihood of success of the merits of Phillip's claim under 18 U.S.C. § 1030(a)(2), addressing the different elements of Plaintiff's cause of action under the CFAA. (Docket No. 105.)

Turning to the rest of the factors, the Judge further reasoned that "Phillips is likely to suffer irreparable harm in the absence of the injunction for several reasons." Id. As to the balancing of

the hardships of the nonmoving party with those that would be suffered by the movant if the injunction is not issued, he reasoned that "If the injunction is granted, defendants will be prevented from accessing the CSIP Tool and, therefore, may lose business because their clients depended on them to provide services that require the use of the CSIP Tool. On the other hand, if the injunction is not issued, Phillips will continue to have its proprietary information available for defendants' use." Id. at 24. Furthermore, he noted that because the plaintiff "ultimately owns the information stored in the CSIP Tool and defendants do not suggest that they are somehow entitled to access that information, the balance of the equities tips in favor of granting the injunction. And this is particularly so because defendants may continue doing business so long as they do not breach into access-restricted areas of Phillips-branded medical equipment." Id

### III.   Preliminary Injunction

Upon review and adoption of Magistrate Judge McGiverin's R&R, preliminary injunction is hereby issued as follows. Preliminary injunction is hereby **GRANTED** "as is permitted by the CFAA, 18 U.S.C. § 1030(g), and the Puerto Rico Industrial and Trade Secret Protection Act. P.R. LAWS ANN. tit. 10, § 4136." (Docket No. 105.)

Defendants are hereby enjoined from directly or indirectly:

a. trafficking Philips' Proprietary Service Applications along with their passwords and other security features;

b. using, directing, aiding or conspiring with others to access plaintiffs proprietary computer systems;

c. copying, reproducing, disseminating or using Philips' Proprietary Service Applications;

d. circumventing and/ or assisting others to circumvent plaintiffs' technological measures in order to access its proprietary computer systems.

3

**Civil No. 15-2702 (GAG)**

    e.  using plaintiffs trade secrets and/or confidential (proprietary) information for their own profit and financial benefit.

### IV.   Conclusion

Magistrate Judge McGiverin's Report and Recommendation at Docket No. 105 is hereby **ADOPTED** in its entirety and Phillips' motion for preliminary injunction is **GRANTED.**

**SO ORDERED.**

In San Juan, Puerto Rico this 26th day of August, 2016.

                                          *s/ Gustavo A. Gelpí*
                                          GUSTAVO A. GELPI
                                          United States District Judge